IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY POLAK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:19-cv-02972-D |
| | § | |
| STERILITE CORPORATION | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

FIRST AMENDED COMPLAINT

Plaintiff, for his First Amended Complaint against Defendant, would show as follows:

Parties

1. Plaintiff is an individual citizen.

2. Defendant which maintains its principal place of business in Massachusetts. It may be served through its registered agent for service, Evan Hines, 5200 Sterilite Drive, Ennis, Texas 75119.

Jurisdiction and Venue

3. Jurisdiction is proper on the basis of a federal question pursuant to 28 U.S.C. § 1331. Venue is proper.

Facts

4. Between 2002 and 2019, Plaintiff was employed by Defendant in Ennis, Texas.

5. While employed by Defendant, Plaintiff was subjected to a drug test using a mouth swab on March 26, 2019.

6. The mouth swab drug test referred to in paragraph 5 falsely indicated Plaintiff had used a product containing THC, a cannabinoid. As a consequence of the false drug test based on

FIRST AMENDED COMPLAINT – Page 1

the mouth swab, Plaintiff was regarded by Defendant as disabled in that he was regarded as substantially impaired in the major life activities of speaking, concentrating, thinking, communicating and working pursuant to Defendant's substance abuse policy, and so erroneously regarded as engaging in use of illegal drugs when he was not.

7. On April 1, 2019, Defendant terminated Plaintiff's employment because of the false mouth swab drug test. It thereby used such false drug test as the basis for a decision to terminate Plaintiff's employment. Plaintiff's disability, which includes his being regarded as disabled, was thereby a motivating factor in his termination.

8. After his termination, Plaintiff disputed the result of the false mouth swab test and thereby complained of discrimination on the basis of being regarded erroneously as engaging in the use of illegal drugs when he was not and, as such, as disabled. Specifically, Plaintiff obtained a hair sample drug test on April 5, 2019 negative for any of multiple substances, including cannabinoids, and notified Defendant, but Defendant refused to reinstate him. Plaintiff's complaint of discrimination based on his being regarded as erroneously engaging in substance abuse and so disabled was protected conduct, and Defendant's refusal to reinstate him constituted an actionable adverse employment action. Alternatively, Plaintiff's being regarded as disabled, and thereby having a disability, was a motivating factor in Defendant's refusal to reinstate Plaintiff and Defendant thereby discriminated against Plaintiff on the basis of his disability in refusing to rehire him.

9. On account of Plaintiff's loss of employment, Plaintiff has suffered lost compensation and benefits, and has also suffered compensatory damages, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary

losses. Defendant by its conduct, acted in reckless disregard of Plaintiff's rights under the Americans with Disabilities Act, making punitive damages appropriate.

10.     On October 14, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission with respect to the events referred to in paragraph 4 through 7, and received a notice of right to sue on such charge dated December 9, 2019, and timely filed this action on December 17, 2019, within 90 days of receipt of such notice. Plaintiff thereby satisfied administrative condition precedent to entitle him to make the claims referred to in paragraphs 11 and 12.

## Claims

11.     Plaintiff, for his first cause of action, would show that he was subjected to discrimination on the basis that he was regarded as disabled in violation of the Americans with Disabilities Act. He is accordingly entitled to recover his actual damages, punitive damages, attorney's fees, prejudgment interest and costs of court.

12.     For his second cause of action, Plaintiff would show that he was subjected to retaliation in violation of the Americans with Disabilities Act for engaging in protected conduct, including complaining about unlawful discriminatory conduct of Defendant. He is accordingly entitled to recover his actual damages, punitive damages, attorney's fees, prejudgment interest and costs of court.

13.     Plaintiff demands a jury.

WHEREFORE, Plaintiff prays for all relief to which he is entitled.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF