IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY POLAK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-02972-D |
| | § | |
| STERILITE CORPORATION | § | |
| | § | |
| Defendant. | § | |

PLAINTIFF'S MOTION TO STRIKE BASED ON EVIDENTIARY OBJECTIONS IN SUPPORT OF RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff submits the following motion to strike certain purported summary judgment evidence of Defendant in support of its motion for summary judgment, contained in Defendant's brief in support of its motion for summary judgment, based on evidentiary objections to Defendant's summary judgment evidence under Rules 56(a)(2) and (4) of the Federal Rules of Civil Procedure, which requires that a motion for summary judgment such as that filed by Defendant be supported by admissible evidence. For the reasons stated in Plaintiff's objections, certain aspects of Defendant's summary judgment are subject to evidentiary defects under the Federal Rules of Evidence ("FRE") precluding reliance upon the evidence in question, requiring that they be struck as proper summary judgment evidence, and given the nature of the defects, the objections and motion to strike as to each of them, by themselves, warrant denial of the motion for summary judgment.[1]

---

[1] As permitted by this Court's order entered on January 21, 2021, this motion to strike based on evidentiary objections is being filed separately from Plaintiff's response to Defendant's motion for summary

PLAINTIFF'S MOTION TO STRIKE BASED ON EVIDENTIARY
OBJECTIONS IN SUPPORT OF RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – Page 1

1.  Plaintiff objects to the purported evidence referred to in Defendant's brief, in paragraph 14 on page 8, as to urinalysis and saliva testing being the preferred methods of testing on the ground of best evidence under Rule 1002 of the Federal Rules of Evidence ("FRE"), the best evidence being Defendant's own drug testing policy (A. 61-64), [2]which is inconsistent with the purported evidence in the brief, in dictating urine testing for drugs, including marijuana, even while that method was not used to test Plaintiff. Bready 24:25-25:5. A. 61-64, 100, Barnard 29:11-30:5. A. 102, Jack 25:7-9. A. 150, Murphy 39:21-40:15, 41:4-7, 43:3-8. A. 153-154, Jack 7:20-22, 8:9-11. A. 111, Bready 25:7-25; 26:1-17. A. 101, Murphy 43:15-44:23. A. 154.

2.  Plaintiff objects to the purported evidence referred to in Defendant's brief, in paragraph 17 on page 5, that there was a confirmatory test obtained by Defendant of its improper saliva testing of Plaintiff, as hearsay under FRE 801 because no testimony in support of Defendant's motion is offered by any individual with personal knowledge of any such confirmatory test and under FRE 403 as more prejudicial than probative given that Defendant's own witnesses offer conflicting testimony as to whether such confirmatory test was obtained. Murphy 45:25-46: 20. A. 61-64, 155, Murphy 47:2-16. A. 155, Plaintiff 56:13-57:5. A. 14. Murphy

---

judgment and Plaintiff's supporting brief. See Order at n. * (stating that "evidentiary objection should be presented in either Polak's summary judgment response brief <u>or in a separate motion</u>.")

[2]   To support this motion to strike and objections, Plaintiff makes reference to pertinent deposition testimony and affidavit of Plaintiff's undersigned counsel or deposition exhibits or exhibits to the affidavit in the same logical order in which they are referenced in Plaintiff's response to Defendant's motion for summary judgment, and the related page at which such testimony affidavit or exhibits are located in Plaintiff's concurrently filed Appendix. The relationship to Plaintiff's claims of each of the deponents, Plaintiff, Ada Jack, Richard Murphy, Kevin Bready and Victoria Barnard, is made clear in Section II of Plaintiff's brief in support of his response to Defendant's motion for summary judgment.

47:23-48:6. A. 147, Murphy Exhibit 1 at 3 ("Confirmation"). A. 61-64, 179, Plaintiff 57:9-15. Plaintiff 56:13-57:5. A. 14-15. Plaintiff Counsel Affidavit at 1 & Exhibit 1. A. 187.

    3.    Plaintiff objects to the purported evidence referred to in Defendant's Brief, in paragraph 19 on page 5, that the practice of Defendant is to terminate an employee receives a positive drug test, on the ground of best evidence under FRE 1002, the best evidence being Defendant's own drug testing policy, which is inconsistent with the purported evidence, especially in not even recognizing termination as an option for a positive marijuana test, and in otherwise not dictating termination for a positive drug test under a variety of circumstances, and under FRE 403 as more prejudicial than probative given the lack of any other specific examples offered by any witnesses for Defendant and the absolute inconsistency of the asserted practice with Defendant's own drug testing policy, as well as not dictated by the ADA, testified to by Plaintiff and admitted by multiple witnesses for Defendant. Plaintiff 29:2-5. A. 8, Jack 19:15-21. A. 114, Murphy 10:17-20. A. 146, Jack 51:18-22, 51:24-52:15, 53:3-16. A. 122, Plaintiff 47:8-17, 54:7-19, 55:1-7. A.12-14, Jack 54:12-20. A. 123, Jack 54:21-55:14. A. 123, Jack 59:14-20. A. 124, Bready 18:4-20. A. 99, Bready 19:5-9. A. 99, Jack 33:19-21. A. 118, Jack 35:12-21. A. 118, Murphy 48:14-22. A. 155, Murphy 48:23-49:13. A. 155, Murphy 49:16-18. A. 156, Jack 36:16-19. A. 61-64, 118, Jack 36:20-22. A. 118, Jack 36:25-37:4. A. 61-64, 136, Jack 41:9-17. A. 120, Murphy Exhibit 1 at 3. A. 61-64, 179, Murphy 50:8-53:9. A. 156, Murphy 53:20-54:1. A. 157, Murphy 54:2-25. A. 157, Murphy 56:3-10. A. 157 Barnard 25:10-22.  A. 82, Barnard 12:20-22, 13:14-20. A. 78, Barnard ,12:23-13:2, 26:22-27:20, 30:6-12. A. 79, 80, 83.

4.     Plaintiff objects to the purported evidence referred to in Defendant's Brief, at paragraph 22 on page 6, that Plaintiff violated the drug testing policy and that his employment was terminated on that ground, as improper lay opinion testimony in violation of FRE 701, and on the ground of best evidence under FRE 1002, the best evidence being Defendant's own drug testing policy, which is inconsistent with the purported evidence, especially in not even recognizing termination as an option for a positive marijuana test, and in otherwise not dictating termination for a positive drug test under a variety of circumstances, and under FRE 403 as more prejudicial than probative given the lack of any other specific examples offered by any witnesses for Defendant and the absolute inconsistency of the asserted practice with Defendant's own drug testing policy. Plaintiff 29:2-5. A. 8, Jack 19:15-21. A. 114, Murphy 10:17-20. A. 146, Jack 51:18-22, 51:24-52:15, 53:3-16. A. 122, Plaintiff 47:8-17, 54:7-19, 55:1-7. A.12-14, Jack 54:12-20. A. 123, Jack 54:21-55:14. A. 123, Jack 59:14-20. A. 124, Bready 18:4-20. A. 99, Bready 19:5-9. A. 99, Jack 33:19-21. A. 118, Jack 35:12-21, A. 118, Murphy 48:14-22. A. 155, Murphy 48:23-49:13. A. 155, Murphy 49:16-18. A. 156, Jack 36:16-19. A. 61-64, 118, Jack 36:20-22. A. 118, Jack 36:25-37:4. A. 61-64, 136, Jack 41:9-17. A. 120, Murphy Exhibit 1 at 3. A. 61-64, 179, Murphy 50:8-53:9. A. 156, Murphy 53:20-54:1. A. 157, Murphy 54:2-25. A. 157, Murphy 56:3-10. A. 157, Barnard 25:10-22.  A. 82, Barnard 12:20-22, 13:14-20. A. 78, Barnard 12:23-13:2, 26:22-27:20, 30:6-12. A. 79, 80, 83.

5.     Plaintiff objects to the purported evidence referred to in Defendant's Brief, at paragraph 27, on page 6, and then again in paragraph 36, on page 8, that Jack and all other employees of Defendant did not consider Plaintiff a marijuana user or abuser or addicted to

drugs based on his positive test result, as improper lay opinion testimony in violation of FRE 701, and under FRE 1002 on the ground of best evidence in that Defendant's own drug testing policy itself is titled a substance "abuse" policy and regards a person who receives a positive marijuana drug test as a marijuana user or abuser by reference to its title and otherwise, since even one alleged violation triggers application of a "substance abuse" policy. Murphy 20:21-21:4 & Exhibit 1. 42:18-21. A. 61-64, 154, Murphy 69:16-23. A. 161.

Given the nature of Plaintiff's evidentiary objections, such objections themselves warrant denial of Defendant's motion. At the least, they impair Defendant's arguments directed to Plaintiff's claim of discriminatory termination to the extent that they preclude Defendant from opposing summary judgment on that claim.

WHEREFORE, Plaintiff prays that this Court grant these evidentiary objections and deny Defendant's motion for summary judgment.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore PLLC
3019 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF

CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing was served through the Court's electronic filing system upon counsel to Defendants this the 29th day of January 2021:

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.

PLAINTIFF'S MOTION TO STRIKE BASED ON EVIDENTIARY
OBJECTIONS IN SUPPORT OF RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – Page 6